IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES CARROLL and MARY CARROLL, | : | CIVIL ACTION |
| As Co-Administrators of the ESTATE OF | : | |
| PATRICK J. KANNEY, | : | NO. 16-1580 |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| LANCASTER COUNTY, et al., | : | |
| Defendants. | : | |

# ORDER

**AND NOW,** this   14th   day of July, 2017, upon consideration of Plaintiffs' Motion to Compel Defendant PrimeCare Medical, Inc. to Produce Certain Documents (Dkt. No. 41) filed June 13, 2017; PrimeCare's Brief in Opposition to Plaintiffs' Motion to Compel (Dkt. No. 43) filed on June 27, 2017; and Plaintiffs' Reply Brief (Dkt. No. 44) filed July 7, 2017,

**IT IS ORDERED** that Plaintiffs' Motion to Compel is **GRANTED**, and PrimeCare shall produce to Plaintiffs, within five (5) days from the date of this Order, the following documents:

   1.   Mortality/Morbidity Review/Report of Patrick J. Kanney's death;[1]

---

[1] Plaintiffs requested production of certain documents from PrimeCare which PrimeCare claims are privileged under the self-critical analysis privilege. The self-critical analysis is recognized in some state courts, however, this case contains both state and federal law claims, therefore federal rules apply which favor admissibility over state law privilege. See Pearson v. Miller, 211 F.3d 57, 66 (3d Cir. 2000). ("[W]hen there are federal law claims in a case also presenting state law claims, the federal rule favoring admissibility, rather than any state law privilege, is the controlling rule." (quoting Wm. T. Thompson Co. v. Gen. Nutrition Corp., 671 F.2d 100, 104 (3d Cir. 1982))). Pennsylvania is the forum state of this case and the self-critical analysis privilege is analyzed under Fed. R. Evid. 501, and Pennsylvania state law. "Pennsylvania has not recognized the self-critical analysis privilege. Although a few lower Pennsylvania state courts have applied the privilege in limited situations, no Pennsylvania appellate court has adopted it. In fact, the Pennsylvania Commonwealth Court has specifically noted that the privilege has not been recognized in this state." Drayton v. Pilgrim's Pride Corp., CIV.A. 03-2334, 2005 WL 2094903, at *2 (E.D. Pa. Aug. 30, 2005) (citation omitted). Federal courts will recognize such a privilege if, "[t]he privilege provides protection where the policy favoring exclusion clearly outweighs the need of the party seeking the

    2.      Mortality/Morbidity Reviews/Reports for all suicides at Lancaster County Prison from 2007 to the time of Patrick J. Kanney's death;[2]

    3.      Lindsey Hayes' 2011 Report regarding Lancaster County Prison.[3]

BY THE COURT:

/s/ Henry S. Perkin
HENRY S. PERKIN,
United States Magistrate Judge

---

information." Id. (quoting Dowling v. American Hawaii Cruises, Inc., 971 F.2d 423, 425-26 (9th Cir.1992)). As Plaintiffs note in their Reply brief, the Third Circuit has declined to recognize the "self-critical analysis privilege." Reply, pp. 1-2 (citing Alaska Elec. Pension Fund v. Pharmacia Corp., 544 F.3d 342, 351 n.12 (3d Cir. 2009) (observing in footnote that the privilege "has never been recognized by this Court and we see no reason to recognize it now."); Armtrong v Dwyer, 155 F.3d 211, 214 (3d Cir. 1998)). Further, Federal Rule of Civil Procedure 26 requires that discovery be limited to any non-privileged matter that is:

> relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Plaintiffs' request is reasonable, relevant to Plaintiffs' case and within the scope of discovery. Thus, the Court finds no argument by PrimeCare outweighing the Plaintiffs' need to obtain the requested documents and Plaintiffs' motion to compel production of the mortality review/report of Patrick J. Kanney's death is granted.

[2]    Plaintiffs revised this request, which originally sought documents dating from 1998 to the present. Based on the above analysis regarding production of the Mortality/Morbidity Review/Report of Patrick J. Kanney's death, PrimeCare shall also produce the Mortality/Morbidity Reviews/Reports for all suicides at Lancaster County prison dating from 2006 up to and including Patrick J. Kanney's death. The relevant reviews/reports are those occurring during the time that PrimeCare provided health care at the Lancaster County Prison.

[3]    PrimeCare shall also produce the Lindsey Hayes 2011 Report based on the above analysis. The report is within the scope of discovery and there is no federal privilege precluding its production. PrimeCare has not provided the Court with the NonDisclosure Agreement between Mr. Hayes and PrimeCare, the terms of the Agreement or the subjects covered by the Agreement. PrimeCare has also not provided any case law supporting its claim that the report is privileged based on the Agreement.